## In re: JP MORGAN CHASE BANK HOME EQUITY LINE OF CREDIT LITIGATION.

MDL No. 2167.

United States Judicial Panel on Multidistrict Litigation.

June 7, 2010.

Before JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, Jr., Acting Chairman, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr., and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

ROBERT L. MILLER, Jr., Acting Chairman.

**Before the entire Panel:** Plaintiffs in seven actions seek centralization, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the nine actions listed on Schedule A[1] in the Northern District of Illinois or, alternatively, the Northern District of California. Plaintiff in the District of Minnesota action and defendants[2] support the motion. Plaintiff in the Northern District of California *Yakas* action supports centralization in the Northern District of California.

This litigation currently consists of the following nine actions: two actions each in the Central and Northern Districts of California, and an action each in the Eastern and Southern Districts of California, the Northern District of Illinois, the District of Minnesota, and the Northern District of Texas.

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. As all parties agree, all actions involve common factual allegations that Chase improperly suspended or reduced plaintiffs' respective home equity line of credit accounts and, relatedly, used inappropriate automated valuation models in assessing the value of the underlying properties. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Illinois is an appropriate transferee forum for this litigation. Defendants and almost all plaintiffs support centralization in this district. Moreover, the Northern District of Illinois provides a convenient forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2167 — **IN RE: JP MORGAN CHASE BANK HOME EQUITY LINE OF CREDIT LITIGATION**

*Central District of California*

*Michael Walsh v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 2:09–4387

*Robert Wilder v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 8:09–834

---

\* Judge Heyburn took no part in the decision of this matter.

1. Plaintiffs' motion originally included ten actions, but an action in the Southern District of California (*Ostrow*) was later dismissed.

2. JPMorgan Chase Bank, N.A.; JPMorgan Chase & Co.; and Chase Bank USA, N.A. (collectively Chase).

**SCHEDULE A**—Continued

*Eastern District of California*

*Robert M. Frank, et al. v. Washington Mutual Bank, Henderson, Nevada, et al.,* C.A. No. 2:09–3408

*Northern District of California*

*Mary Jane Yakas v. Chase Manhattan Bank USA, N.A.,* C.A. No. 3:09–2964

*Michael Malcolm v. JPMorgan Chase Bank, N.A.,* C.A. No. 5:09–4496

*Southern District of California*

*Michell Kimball v. Washington Mutual Bank, Henderson, Nevada, et al.,* C.A. No. 3:09–1261

*Northern District of Illinois*

*Shannon Hackett v. JPMorgan Chase Bank, N.A.,* C.A. No. 1:09–7986

*District of Minnesota*

*William Cavanagh v. JPMorgan Chase Bank, N.A.,* C.A. No. 0:09–3389

*Northern District of Texas*

*Daryl Mayes v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 4:10–157